The Honorable Barbara Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LISA ELISARA, Administrator of the Estate of Iosia Faletogo, A.F., a minor individual; R.F., a minor individual;<br><br>Plaintiffs,<br><br>vs.<br><br>THE CITY OF SEATTLE, a municipal Corporation;<br><br>Defendants. | No. 2:21-cv-00283-BJR<br><br>ORDER APPROVING SETTLEMENT |

This matter comes before the Court on Plaintiffs' Petition for Approval of Settlement (Dkt. No. 25-1). The Court, having reviewed the materials submitted by the parties and the balance of the record, and having held a hearing on this matter on October 13, 2021, hereby finds and ORDERS as follows:

The parties agreed in principle to a settlement whereby all of Plaintiffs' claims against the City of Seattle would be dismissed in exchange for an agreement with a present value of $515,000.

The King County Superior Court initially appointed Sandra Bates Gay to serve as probate guardian ad litem and then extended her authority to serve as settlement guardian ad litem and investigate and report on the adequacy of the agreement on behalf of minors A.F. and R.F. Dkt.

ORDER APPROVING SETTLEMENT - 1
2:21-cv-00283-BJR

22, Exh. A. As part of the negotiated agreement, the parties agree that the City would not be responsible for the SGAL fees and costs.

Ms. Bates Gay's report is filed under seal at Dkt. 22. In her report, Ms. Bates Gay approves of the proposed settlement and approves of the proposed allocation of the settlement proceeds, which contemplates $10,000 being paid to the decedent's mother to reimburse her for funeral and burial expenses, $5,000 being earmarked to cover SGAL fees, and the remainder allocated to R.F. and A.F. in equal shares. Ms. Bates Gay also approves the plan to place $16,666.67 in a blocked account for each minor and for the City to use $150,000.00 to fund future periodic payments for each minor via structured settlements.

Plaintiffs' counsel have incurred $6,524.49 in litigation costs reasonably related to this case (not including the SGAL fees). Dkt. 24, ¶6; Exh. 2. Plaintiffs' counsel's fee agreement with Plaintiffs is for a 40% contingency fee. Plaintiffs' counsel voluntarily reduced their attorneys' fee to $158,066.67 (which is equal to 1/3 of $500,000 minus the advanced litigation costs of $6,524.49 and SGAL fees/costs in excess of $5,000).

The Court hereby ORDERS:

1. Plaintiffs' unopposed Petition to Approve settlement, Dkt. #25-1, is GRANTED.
2. Pursuant to LCR 17 and SPR 98.16W, the proposed settlement is approved.
3. The Court approves the allocation of 1/2 of the net recovery to each minor beneficiary, to wit A.F. and R.F.
4. Plaintiffs' counsel's attorneys' fees and costs as set forth in Dkt. 24 are reasonable and approved.
5. Ms. Elisara in her capacity as administrator of the Estate is authorized to execute releases of the minors' claims upon payment by the City of Seattle or its insurer to

ORDER APPROVING SETTLEMENT - 2
2:21-cv-00283-BJR

Plaintiffs' trust account and to MetLife Assignment Company, Inc. to fund future periodic payments for the benefit of A.F. and R.F. as set forth below in ¶7.

6. The City of Seattle or its insurer is directed to disburse funds as follows:

    a. $150,000 to fund future periodic payments for the benefit of A.F.

    b. $150,000 to fund future periodic payments for the benefit of R.F.

    c. $215,000 to Krutch Lindell, PS, in trust for Lisa Elisara, to be disbursed as described in ¶12.

7. The future structured settlements' periodic payments will be as follows.

*For R.F. ("Payee"):*

- $15,000.00 payable semi-annually, guaranteed for 4 years, beginning on 7/1/2033, with the last guaranteed payment on 1/1/2037.

- $25,000.00 guaranteed lump sum payable on 9/26/2037.

- $61,926.30 guaranteed lump sum payable on 9/26/2039.

Periodic payments to R.F. and related fees, if any, have a cost of $150,000.00.

*For A.F. ("Payee"):*

- $15,000.00 payable semi-annually, guaranteed for 4 years, beginning on 7/1/2034, with the last guaranteed payment on 1/1/2038.

- $25,000.00 guaranteed lump sum payable on 3/8/2039.

- $70,035.19 guaranteed lump sum payable on 3/8/2041.

Periodic payments to A.F. and related fees, if any, have a cost of $150,000.00.

8. The future payment amounts outlined above are guaranteed based upon a projected annuity purchase date of November 12, 2021. Any delay in funding the annuity may result in a delay of the payment dates or change in payment amounts

ORDER APPROVING SETTLEMENT - 3
2:21-cv-00283-BJR

that shall be recorded in the settlement agreement and release, qualified assignment document and annuity contract without the need of obtaining an amended Petition/Court Order up to 180 days after original purchase date.

9. Any payments to be made after the death of the Payee shall be made to the Estate of Payee. After the age of majority, Payee may submit a change of beneficiary, in writing, to Assignee. No such designation, or any revocation thereof, shall be effective unless it is in writing and delivered to Assignee. The designation must be in a form acceptable to Assignee. The designation approved by the Court at this time is the Estate of R.F. and the Estate of A.F.

10. The obligation to make periodic payments described above will be assigned to MetLife Assignment Company, Inc. ("Assignee") and funded by an annuity contract issued by Metropolitan Tower Life Insurance Company ("Annuity Issuer"), rated A+ (Superior) by A.M. Best Company. All parties shall cooperate fully and execute any and all supplementary documents, including a Settlement Agreement & Release and a Qualified Assignment in compliance with Section 130 of the Internal Revenue Code of 1986, as amended.

11. Neither the minor, nor their estate, nor any subsequent beneficiary or recipient of any payments or any part of any payments under this structured settlement shall have the right to accelerate, commute, or otherwise reduce to present value or to a lump sum any of the payments or any part of the payments due under this structured annuity settlement or this order unless by later motion good cause has been shown to lift or modify these restrictions.

12. Upon receiving $215,000 in trust, Plaintiffs' counsel are directed to disburse the funds as follows:
    a. $16,666.67 to fund a blocked account for A.F. not to be released before A.F. turns 18 years old, except pursuant to further order of this Court or the King County Superior Court.

   b. $16,666.67 to fund a blocked account for R.F. not to be released before R.F. turns 18 years old, except pursuant to further order of this Court or the King County Superior Court.

   c. $10,000 to Lisa Elisara as reimbursement for funeral and burial expenses;

   d. $164,591.16 to Plaintiffs' counsel for their fees and costs.

   e. $7,075.50 to Sandi Bates Gay for her fees and costs.

13. Plaintiffs' counsel shall, within 30 days file a receipt of funds into a blocked account and proof of annuity acquisition, as evidence that the Court's order regarding the minors' funds has been carried out.

14. The parties shall file a stipulation dismissing Plaintiffs' claims upon completion of the requirements stated above.

15. The settlement guardian ad litem is discharged upon completion of the requirements stated above.

Dated this 13th day of October, 2021.

*Barbara J. Rothstein*

Barbara Jacobs Rothstein
United States District Judge

Presented by:

KRUTCH LINDELL BINGHAM JONES, P.S.

By: /s/ J. Nathan Bingham, WSBA #46325
 J. Nathan Bingham, WSBA #46325
 3316 Fuhrman Ave E, Suite 250
 Seattle, Washington 98102
 Telephone: (206) 682-1505
 Facsimile: (206) 467-1823
 Email: jnb@krutchlindell.com

*Attorney for Plaintiffs*

ORDER APPROVING SETTLEMENT - 5
2:21-cv-00283-BJR